WILLIAM DAUGHTRY v. SAMUEL B. WARREN.

*Injunction—Nuisance—Mills.*

Where the jury find that the rebuilding of a proposed mill and dam would overflow and render useless the plaintiff's land, and injure the health of his family, but that the mill would be a public convenience, pecuniary compensation is all that the plaintiff can claim, and an injunction against such erection will be refused, upon the principle that private advantage must yield to public benefit.

(*Eason* v. *Perkins*, 2 Dev. Eq., 38, cited and approved.)

CIVIL ACTION tried at January Special Term, 1880, of SAMPSON Superior Court, before *Gilmer, J.*

This action is brought to restrain the defendants from rebuilding a mill on a stream in Sampson county, known as the "Great Coharie." The plaintiff who owns a tract of land near the head of the stream alleges that the defendants who own the tract next below his, contemplate building a mill, which when built will have the effect to pond the water and cause it to overflow and render valueless fifty acres of plantiff's land now worth five hundred dollars, and that it will also be destructive of the health of himself and family, and render his place unmarketable. The defendants admit the ownership of the lands as charged, and that

they purpose erecting a mill on theirs, but they deny that it will render valueless fifty acres of plantiff's land or injure the health of himself or family. They also say that there had been a mill at the place they propose to erect one, for a hundred years or more, until 1867, when it became ruinous and was permitted to go down, and has not been in operation since.

The issues involved were submitted to a jury who found that the proposed pond would overflow and render valueless a portion of plantiff's land, and that it would prove injurious to the health of plaintiff and family; also, that the mill would be convenient and useful to the community, and that the defendants and those under whom they claim have continuously and adversely kept up a mill at the place for more than twenty years, exclusive of the time disallowed by the statute.

Upon this finding the judge below dissolved the injunction that had been previously issued in the case, and gave judgment against the plaintiff for costs, from which he appealed.

*Mr. E. W. Kerr*, for plaintiff.
*Mr. J. L. Stewart*, for defendant.

RUFFIN, J. The allegations in the bill filed in the case of *Eason* v. *Perkins*, 2 Dev. Eq., 38, were in every particular similar to those set forth in the complaint filed in this action, and the findings of the jury in the two cases in substance identical. In that case it was held that where the right affected is clear or the injury irreparable, the court of equity would interpose to prevent the erection of a nuisance intended for mere personal gratification or individual gain. But inasmuch as private right must always yield to public convenience, when properly compensated for so doing, the courts would never interfere when the object sought was of

public benefit, unless the private injury should greatly exceed the benefits to be derived therefrom; and that the erection of a mill being a matter of public utility would not be enjoined merely because it affected the health of a single family or a few individuals. The case itself has been many times expressly cited and approved, and the principle announced still more frequently recognized and applied in other cases, and it must control our decision in this.

There is no special circumstance shown to exist in the plaintiff's case to make it an exception to the rule, and nothing indeed that must not attend the erection of almost every mill that is built in the country. He is not without a remedy for every mischief that can be done him by the defendant's mill—a remedy that the legislature, said to be " the source of the law," has declared to be adequate. The judgment of the court below is affirmed.

No error.                                     Affirmed.